NO. 07-09-00049-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 20, 2010

LARRY MICHAEL LEAL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,034-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

After a jury trial, appellant Larry Michael Leal was convicted of the offense of aggravated assault.[1] Punishment was assessed by the jury at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. His court-appointed

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2005). The indictment contained the allegation appellant used or exhibited a deadly weapon during the offense.

appellate counsel has filed a motion to withdraw and an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

Appellant's indictment included two enhancement paragraphs, setting forth his two previous final felony aggravated assault convictions. Evidence at trial showed that an off-duty Amarillo police officer intervened when appellant stopped his vehicle in the street, and argued with and then began to choke a woman accompanying him. During his encounter with the officer, appellant picked up a football-sized rock, battered the vehicle with it, then walked toward the officer with the rock lifted over his head. Testimony showed appellant continued toward the officer even after he drew his service weapon and ordered appellant to drop the rock. In addition to testimony from the officer, his wife and other witnesses, the jury heard some of the events described through a recording of the 911 call the officer made during the encounter, which occurred at night in the front yard of the officer's home. Testimony also showed appellant was intoxicated.

The jury found appellant guilty of the indicted offense, aggravated assault, and sentenced appellant to life imprisonment. The trial court certified appellant's right to appeal and this appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

and facts of the cases, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons she believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response raising seven issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

By her *Anders* brief, counsel raises grounds that could possibly support an appeal, but explains why none show reversible error. She concludes the appeal is frivolous. Appellant also raises several issues. We have reviewed each ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824

3

(Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.